IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PHILLIP QUINN, :
    Petitioner, :
　 :
           v. : CIVIL ACTION NO. 10-CV-0160
　 :
SUPERINTENDENT MEHAWLER, *et al.*, :
    Respondents. :

## MEMORANDUM

**JOYNER, J. CURTIS**　　　　　　　　　　　　　　　　　　　　　　　　　June 26, 2019

    Presently pending is a pro se motion for relief pursuant to Federal Rule of Civil Procedure 60(b), filed by Phillip Quinn ("Petitioner"). (ECF No. 28). Petitioner is seeking relief from the Court's July 8, 2011, Order denying his petition for writ of *habeas corpus* relief. (*See* Order, ECF No. 12). Petitioner's motion is denied for the following reasons.

## I. BACKGROUND

    On May 3, 2001, following a jury trial, Petitioner was found guilty of second-degree murder, robbery, aggravated assault, possession of an instrument of crime, conspiracy to commit robbery, and conspiracy to aggravated assault. (Hab. Pet. ¶ 4, ECF No. 1; Resp. to Mot. 2, ECF No. 5). Petitioner was sentenced to life imprisonment for the second-degree murder conviction and an additional consecutive 66 to 132 months for his conviction for aggravated assault.

    Petitioner timely appealed his conviction which was affirmed by the Superior Court of Pennsylvania on June 20, 2003. (Rep. & Rec. 1-2, ECF No. 10). Petitioner filed a Post Conviction Relief Action Petition on September 3, 2004. *Id*. It was denied on July 19, 2005. *Id*. On January 13, 2010, Petitioner filed a pro se petition for *habeas corpus* relief, raising the following claims: his conviction was obtained by use of a coerced confession; trial counsel refused to permit Petitioner to testify on his own behalf; his sentence is excessive; there was

insufficient evidence to support the robbery conviction; erroneous jury instructions; inconsistent verdicts should have resulted in a mistrial; and, abandonment by trial counsel for failure to file an appeal.

On July 8, 2011, this Court denied the petition with prejudice because it was untimely. (Order, ECF No. 15). On November 5, 2018, Petitioner filed the instant Rule 60(b), arguing that he is entitled to relief pursuant to *McQuiggin v. Perkins*, 569 U.S. 383 (2013), and *Satterfield,* 872 F.3d 152 (2107). (Pet. Rule 60(b) Mot., ECF No. 24).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) allows a party to seek relief from a final judgment, order, or proceeding, and request reopening of a matter, in six limited circumstances. *See* Fed R. Civ. P. 60(b); *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Federal Rule of Civil Procedure 60(b) is a catch-all provision that permits a court to vacate a final judgment, order, or proceeding for "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). To obtain relief under Rule 60(b)(6) a petitioner must demonstrate "extraordinary circumstances." *Gonzalez*, 545 U.S. at 535; *see also Pridgen v. Shannon*, 380 F.3d 721, 728 (3d Cir. 2004). The Third Circuit employs a "flexible, multifactor approach to Rule 60(b) motions...that takes into account all the particulars of a movant's case." *Cox v. Horn*, 757 F.3d 113, 112 (3d Cir. 2014).

## III. DISCUSSION

A. Petitioner has not Established his Innocence

In *McQuiggin* the Supreme Court held, "[A]ctual innocence, if proved serves as a gateway through which a petitioner may pass whether the impediment is a procedure bar…or, as in this case, expiration of the statute of limitations. 569 U.S. at 386. In *Satterfield v. Dist, Attorney of Philadelphia,* the Third Circuit found *McQuiggin* "effect[ed] a change in [its] decisional law,"

and considered whether "the change in law borne by *McQuiggin* may properly serve as the basis of a Rule 60(b)(b) motion." 872 F.3d, 152, 159-160 (3d Cir. 2017).  The Third Circuit explained, "[A] proper demonstration of actual innocence by [petitioner] should permit Rule 60(b)(6) relief unless the totality of equitable circumstances ultimately weigh heavily in the other direction." *Id*. at 163.  Therefore, as a threshold matter, a court must determine whether a petitioner has made an adequate showing of actual innocence to justify relief. *Id*. Thereafter, the court may consider additional equitable factors. *Id*. at 163-64.

Here, Petitioner presents no evidence of his innocence or to support his blanket assertion that the he is actually innocent as a matter of law.  Accordingly, without any evidence of innocence, Petitioner has not made a credible showing of actual innocence, and is not entitled to relief under *McQuiggin*. *See McQuiggin*, 569 U.S at 386; *Schulp v. Delo*, 513 U.S. 298, 324 (1999) ("To be credible, such a claim requires petition to support his allegations constitutional error with new reliable evidence…that was not presented at trial."); *Satterfield*, 872 F.3d at 163 ("The change in law brought about by *McQuiggin* will only permit [the petitioner] to overcome his time-barred petition if he can make a credible showing of actual innocence—a burdensome task that requires a petitioner to 'persuade[ ] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'");  *Riley v. Myers*, No. 00-1183, 2018 WL 2045494, at *5 (M.D. PA May 1, 2018) ("[A]ssessing whether a petitioner makes a credible showing of actual innocence is the first step in [the] district court's analysis, i.e., it is the threshold matter which determines whether *McQuiggin's* holding would be applicable.").

Petitioner has not presented the Court with extraordinary circumstances that warrant relief under Rule 60(b).

## IV. CONCLUSION

For the reasons explained herein, Petitioner's motion for relief pursuant to Federal Rule of Civil Procedure 60(b) is denied.